**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE FREESTYLE CGM CONSUMER LITIGATION | Case No.: 4:26-cv-00003-HSG<br>**STIPULATED ORDER GOVERNING PRIVILEGE LOG PROTOCOL**<br>Hon. Haywood S. Gilliam, Jr. |

This Stipulated Order Governing Privilege Log Protocol ("Order") shall govern the treatment of all privileged or work product materials in this action.

## I. PRIVILEGE LOG PROTOCOL

1. To the extent a document, or a portion thereof, is protected from disclosure on the basis of attorney-client privilege, the work product doctrine, or some other protection (hereinafter "Protected Information"), the Designating Party shall produce a privilege log, as set forth below, within forty-five (45) days of the date by which the documents from the custodian or non-custodial source would otherwise have been produced if not withheld as Protected Information, or from the date the document containing Protected Information was produced with such Protected Information redacted, unless another time is agreed by the Parties or called for by this Order. This time limitation shall not apply to productions made following the use of technology-assisted review ("TAR"). To the extent a Party uses TAR to conduct a review and production, the parties will meet and confer regarding a reasonable time by which the Designating Party shall produce a privilege log following a TAR-assisted production.

2. The parties agree that privilege log identification is presumptively not required for the following Protected Information:

a) Communications expressly regarding this action, and any other litigation pertaining to the November 2025 FreeStyle Libre 3 recall, exclusively between and among a Party's outside legal counsel;

b) Attorney work product created by outside legal counsel related to this action, and any related litigation;

c) Communications expressly regarding this action, and any related litigation, exclusively between a Party and its outside legal counsel;

d) Communications expressly regarding this action, and any related litigation, exclusively between and among a Party's outside legal counsel and its experts or professional vendors, and attorney work product created by Experts or Professional Vendor.

Notwithstanding the foregoing, privileged communications regarding interactions or communications with any regulator or government agency, if any, shall be logged, irrespective of the involvement of counsel, including outside legal counsel who were retained for this action.

3. Any Protected Information that contains both Protected Information and non-privileged material must be disclosed, but the asserted privileged portion can be redacted. The redacted portion shall be indicated on the Protected Information itself and listed on the privilege log.

4. Privilege logs shall be produced in Excel format that allows for text searching, sorting, and organization of data, and shall be produced either: (a) in a cumulative manner, so that each subsequent privilege log includes all privilege claims from prior logs; or (b) in installments using a consistent format so that the installments can be merged into a cumulative Excel spreadsheet by the Receiving Parties.

5. No listings shall be deleted from the log. If a privilege claim is withdrawn in whole or in part, the listing shall identify that the claim was withdrawn in whole or in part. The correspondence accompanying each privilege log shall indicate the document production volume(s) and Bates range(s) to which the privilege log applies.

6. Privilege logs shall include all the following categories of metadata and information:

a) Indication of whether the document was withheld in full, or produced in redacted form;

b) A unique identifying privilege identification number (separate from Bates numbering) for documents withheld;

c) The Bates number, for documents redacted;

d) If the document is the parent or child of a family of documents, some of which have been produced and others withheld, the log should identify the Bates numbers of the first document (i.e., the parent, or if the parent is withheld the first attachment) produced from the family in which the logged document was withheld;

e) The date of the document or communication;

f) For all documents, each of the following metadata fields: All Custodians (Custodian(s)/Source(s) of duplicates if global deduplication is utilized); File Path or, if not feasible, Directory Path (the location of a file or email at the time that it was collected);

g) For email communications, each of the following metadata fields: From; To; CC; and BCC fields;

h) For documents other than email communications, each of the following metadata fields: Author, Date Last Modified;

i) The subject and/or title of the document, based on the Subject field or File Name / Document Title field (or other similar category) from electronically-generated metadata associated with the document;

j) Indication (e.g. ^ or +) next to the name of the individuals, sender (or author) or recipient, of the document/communication acting in the capacity of attorney (including paralegals or other legal staff carrying out a legal function for an attorney);

k) The specific privilege(s) or protection(s) claimed as a basis for withholding an otherwise discoverable document;

l) A narrative field, which shall be used by a Producing Party when, in the Producing Party's good faith judgment, the metadata entry for a document does not provide adequate context or detail for the privilege claim to be assessed by a Receiving Party, to provide a traditional narrative privilege description to supplement the metadata entry; and

m) Withdrawn: field shall be populated if the privilege claim is withdrawn.

7. If an attachment (parent or child) to a document or communication is being withheld, such attachment(s) shall be identified in the privilege log as separate entries. Families of documents

shall be logged together in sequence with the parent document following by any other withheld documents in the document family.

8. When the deposition of a custodian is scheduled, the parties shall make good faith efforts to provide privilege logs involving documents from that deponent's custodial file reasonably in advance of the deposition unless otherwise negotiated and agreed to between counsel.

## II. PRIVILEGE CHALLENGE PROTOCOLS

1. A Challenging Party may challenge at any time a Designating Party's claims of privilege or work product protection and will use reasonable efforts to do so in a timely manner following the assertion of such claims

2. The Parties shall meet and confer in good faith, and endeavor to resolve any disputes before submitting such disputes to the Court for determination.

3. The following procedure shall constitute satisfaction of the good faith meet-and-confer requirement prior to submitting privilege-related disputes to the Court:

a) The Challenging Party shall provide written notification of those challenges (which can be via email), including the bases for the challenges and/or requests for additional clarifying information, to the Designating Party.

b) Following receipt of the challenges, the Designating Party shall provide the Challenging Party with a written response (providing further information supporting its claims and/or indicating which privilege claims the Designating Party maintains and which it withdraws, downgrades or modifies) within fourteen (14) days, except as otherwise agreed to by the parties, following the date of the written challenge notification.

c) If disputes remain after the response by the Designating Party, the Challenging Party should request a meet and confer at which the Parties shall seek to resolve or narrow any remaining disputes/challenges. The meet and confer must occur within seven (7) days of the Challenging Party's request for the same.

d) Failure of the Challenging Party to provide written notification of its challenges or failure or refusal of the Challenging Party to seek and attend a meet and confer as outlined

above shall prevent the Challenging Party from submitting its privilege-related challenge to the Court.

e) Failure or refusal of the Designating Party to timely provide the Challenging Party with a written response or failure or refusal of the Designating Party to attend a meet and confer in the time-frame outlined above shall allow the Challenging Party to submit its privilege-related challenge to the Court.

4. For any challenges remaining following the above procedure, the Challenging Party may submit such challenges to the Court. In such instance, the Designating Party maintains its burden of proving the challenged document(s) and/or portions of document(s) are covered by the asserted privilege and/or protection.

5. To the extent that any privilege assertions are downgraded, modified, or withdrawn by the Designating Party, as a result of the challenge and/or meet-and-confer process, or on its own accord, the Designating Party shall produce any such downgrades as production overlays within fifteen (15) days. The production overlay shall be accompanied with a spreadsheet that indexes the privilege identification number along with the assigned Bates Number in the overlay production for each downgraded document.

6. The Designating Party retains the burden of establishing the privileged or protected nature of Protected Information.

7. If the challenged document(s) relates to a deposition scheduled less than forty-five (45) days from the date of submitting the challenge to the Court, then the Challenging Party may seek an expedited briefing schedule, or *in camera* review, by the Court to resolve the dispute.

**III. ORDER IMPLEMENTING FED. R. EVID. 502(d)**

1. If a Producing Party discloses information in connection with the pending litigation that the Producing Party thereafter claims to be Protected Information in whole or in part, the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection, including the attorney-client privilege or work product that the Producing Party would otherwise be entitled to

assert with respect to the Protected Information and its subject matter. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

2. Upon discovery that a document over which a Producing Party claims privilege or other protection, the Producing Party must promptly notify the Receiving Party, in writing (a "Clawback Notice"). The Clawback Notice shall include the Bates range of the produced document and, where reasonable,a privilege log listing. Within ten (10) days of providing the Clawback Notice, the Producing Party must provide: (1) a new copy of the document utilizing the same Bates number as the original material, with the privileged or protected material redacted, if only a portion of the document contains privilege or other protected information, and (2) if not already provided with the Clawback Notice, a corresponding privilege log.

3. Upon receiving the Privilege Log associated with a Clawback Notice, the Receiving Party must promptly: (a) identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has, (b) use reasonable efforts to retrieve any copies of the Protected Information that the Receiving Party may have disclosed prior to Clawback Notice, and (c) must cease further review, dissemination, and/or use of the Protected Information, except as provided in Section III, Paragraph 4.

4. If the Receiving Party contests the claim of privilege over any documents included in a Clawback Notice, the Receiving Party must—within ten (10) days of receipt of the Producing Party's updated privilege log—notify the Producing Party and provide the basis for its disagreement. The Producing Party will have seven (7) days to respond in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for its continued claim of privilege or protection. If the Producing Party's response does not resolve the issue, the Parties shall meet and confer within five (5) days of the response. If the Parties are unable to resolve the dispute as a result of the meet and confer, the Receiving Party may raise the dispute by motion to the Court. This motion must be filed (with Court approval) under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Notwithstanding the Receiving Party's obligation to sequester the challenged documents, the Receiving Party may provide

copies of the challenged documents under seal, with its motion, for the Court's review in deciding the motion. Pending resolution of the motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed motion.

5. The Producing Party retains the burden of establishing the privileged or protected nature of the Protected Information.

6. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

7. If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is Protected Information, the Producing Party must make its assertion of its intent to Clawback the document on the record and then may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privilege or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the court. If the Producing Party allows the examination concerning the document to proceed consistent with this paragraph then the Producing Party must provide a Clawback Notice and privilege log within five (5) days of the deposition's conclusion and may, in that Clawback Notice, also Clawback any privileged testimony associated with the document by designating the page number(s) and line number(s) of such testimony, after which the parties shall follow the procedures set forth in Section III, Paragraphs 3–4. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section III, Paragraph 3. If no such notice is timely served, the asserted protection, as to only that Protected Information used, will be deemed waived absent extraordinary circumstances.

8. If a document that includes Protected Information is used in a motion, brief, or other filing, and the producing party has not served a Clawback Notice in advance of the briefing event or deposition/hearing, the Producing Party shall serve a Clawback Notice within ten (10) days of the filing, deposition, hearing, or other event at which the document was used. Thereafter the procedures set forth in Section III, Paragraph 4 shall apply. The Producing Party may also seek to seal those portions of the public record reflecting the produced material. If no such notice is timely served, the asserted protection, as to only that Protected Information used, will be deemed waived absent extraordinary circumstances.

## IV. MODIFICATION

This Order may be modified at any time by the Court on its own motion, for good cause shown on motion of a Party, or by agreement of the Parties with the Court's approval.

Respectfully Submitted,

Dated: October 27, 2026

*/s/ Kelly K. Iverson*

Christopher L. Ayers (*pro hac vice*)
**SBAITI & COMPANY NJ LLC**
100 Mulberry Street
3 Gateway Center, Suite 1102
Newark, NJ 07102
Tel: (973) 954-2000
Fax: (973) 954-9710
Chris.ayers@sbaitilaw.com

Mazin A. Sbaiti, Esq. (SBN 275089)
**SBAITI & COMPANY PLLC**
3102 Maple Avenue, Suite 400
Dallas, TX 75201
Tel: (214) 214-3400
mas@sbaitilaw.com

***Attorneys for Plaintiffs Christopher Taylor and Krystal Chambers***

Kelly K. Iverson (*pro hac vice*)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
kelly@lcllp.com

(Eddie) Jae K. Kim (SBN 236805)

Tiffine E. Malamphy (SBN 312239)
**LYNCH CARPENTER LLP**
117 East Colorado Boulevard, Suite 600
Pasadena, CA 91105
Tel: (213) 723-0707 / Fax: (858) 313-1850
ekim@lcllp.com
tiffine@lcllp.com

A. Brooke Murphy (*pro hac vice*)
**MURPHY LAW FIRM**
4116 Will Rogers Parkway, Suite 700
Oklahoma City, OK 73108
Tel: (405) 389-4989
abm@murphylegalfirm.com

***Attorneys for Plaintiff Bijoy Shroff***

Steven A. Schwartz (*pro hac vice)*
Beena M. McDonald (SBN 365776)
**CHIMICLES SCHWARTZ KRINER & DONALDSON-SMITH LLP**
361 West Lancaster Avenue
Haverford, PA 19041
Tel: (610) 645-4720
sas@chimicles.com
bmm@chimicles.com

***Attorneys for Plaintiff Carmen Tejada***

Dated: October 27, 2026

*/s/ Michael A. Glick, P.C.*
Christopher W. Keegan, P.C. (SBN 232045)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, CA 94104
Tel: (415) 439-1400
Email: chris.keegan@kirkland.com

Gregg F. LoCascio, P.C. (*pro hac vice*)
Michael A. Glick, P.C. (*pro hac vice*)
Leah A. Hamlin (SBN 317957)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200
Email: glocascio@kirkland.com
Email: michael.glick@kirkland.com
Email: leah.hamlin@kirkland.com

***Attorneys for Defendants Abbott Diabetes Care Inc. and Abbott Laboratories***

**SIGNATURE ATTESTATION**

Pursuant to Civ. L. Rule 5-1(i)(3), I, Michael A. Glick, hereby attest that each of the Signatories have concurred in the filing of this document.

*/s/Michael A. Glick, P.C.*
Michael A. Glick, P.C.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 10/27/2026

Hon. Haywood S. Gilliam, Jr.
United States District Judge